IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES ADAM HIRSH,**

    **Plaintiff,**

            Case No. 20-1134-DDC-KGG

**ENHANCED RECOVERY COMPANY, LLC,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff James Adam Hirsh proceeds pro se[1] and asks the court to dismiss his case without prejudice. *See* Doc. 15 at 1. Although plaintiff never cites a procedural mechanism for seeking dismissal, Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits him to dismiss his case as a matter of right before defendant files an answer or a motion for summary judgment. Here, the lone defendant has filed neither—in either federal court or during pre-removal proceedings. So, plaintiff may dismiss his action as a matter of right. The court thus liberally construes his "Motion to Dismiss Without Prejudice" as a Rule 41 voluntary dismissal. Plaintiff dismissed this case when he filed his "Motion" and thus defendant's Motion to Dismiss (Doc. 13) is moot.

To clarify why plaintiff's filing is self-executing, the court briefly reviews the procedural history of this case and recites the legal standard governing voluntary dismissals under Federal

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But, under this standard, the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The court does not construct arguments for plaintiff or search the record. *Id.*

Rule of Civil Procedure 41(a) before explaining why plaintiff's motion is best construed as a filing invoking that rule.

## I.     Procedural Background

On April 27, 2020, plaintiff filed a lawsuit in the District Court of Sedgwick County, Kansas styled *James Adam Hirsh, M.A. v. ERC*, Case No. 20SC0176.  Doc. 1 at 1 (Notice of Removal ¶ 1); Doc. 1-1 at 2 (Petition).  Defendant filed a Notice of Removal (Doc. 1).  Once in federal court, defendant filed a Motion for More Definite Statement (Doc. 6).  The court construed plaintiff's response to that motion (Doc. 8) as an Amended Complaint.  *See* Docs. 8 & 11.  Defendant then filed a Motion to Dismiss for failure to state a claim (Doc. 13).  Plaintiff did not respond to that notice in a timely fashion, so the court entered a Notice and Order to Show Cause (Doc. 14).  On August 24, 2020, plaintiff responded timely to the Order to Show Cause by filing a Motion to Dismiss Without Prejudice (Doc. 15).  He asks the court to "to dismiss the cause of action without prejudice due to his inability to participate in the proceedings because of his disability in accordance with the Americans with Disability Act."  Doc. 15 at 1.

## II.    Legal Standard

Federal Rule of Civil Procedure 41(a)(1)(A)(i) instructs that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  A plaintiff's Notice of Dismissal need not invoke Rule 41(a)(1)(A)(i) explicitly.  *See Janssen v. Harris*, 321 F.3d at 1000 (holding that a pro se plaintiff's letter explaining plaintiff's financial inability to continue to litigate and requesting the court to dismiss the case without prejudice properly could be construed as a Notice of Dismissal under Rule 41(a)(1)(A)(i) absent explicit invocation of Rule 41 where the

letter was sent before defendant filed an answer or motion for summary judgment and the letter made a "clear statement that [plaintiff] wanted his action dismissed").

When the rule applies, the "dismissal 'is effective at the moment the notice is filed with the clerk,' and an order granting dismissal is 'superfluous, a nullity, and without procedural effect.'" *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014) (quoting *Janssen*, 321 F.3d at 1000). "There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone." *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (quotation marks omitted)); *see also id.* at 1000–01 (surveying cases and observing that other "circuits are in accord.").

### III.     Discussion

Plaintiff asks the court to dismiss his action. Doc. 15 at 1. Defendant has not filed an answer or motion for summary judgment with this court or with the state court before removal. *See* Doc. 1 at 1 (Notice of Removal ¶ 3); Doc. 1-1 at 1–3 (no Answer or motion for summary judgment in state court filings). It does not matter that defendant has filed a Motion to Dismiss (Doc. 13). *See Lundahl*, 600 F. App'x at 603 ("The motions to dismiss filed by . . . Defendants did not preclude [plaintiff's] unilateral dismissal of the case." (citing *De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011))).

Plaintiff's pro se "Motion" (Doc. 15) does not invoke Rule 41(a) by name, but provides a clear statement that he wants the court to dismiss his action. *See* Doc. 15 at 1 ("Plaintiff, hereby moves to dismiss the cause of action without prejudice"). The court properly may construe plaintiff's filing here as a Notice of Dismissal under Rule 41(a)(1)(A)(i). *See Janssen*, 321 F.3d at 1000 (construing pro se plaintiff's letter requesting dismissal as a Notice of Dismissal).

The court thus construes plaintiff's filing (Doc. 15) as a Notice of Dismissal. "The effect . . . is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Janssen*, 321 F.3d at 1000 (quoting *Duke Energy Trading & Mktg., L.L.C.*, 267 F.3d at 1049 (quotation marks omitted)); *see also Ptasynski v. Kinder Morgan G.P., Inc.*, 220 F. App'x 876, 878–79 (10th Cir. 2007) ("notice of voluntary dismissal without prejudice . . . automatically divested the [district court] of jurisdiction"). Plaintiff's voluntary dismissal (Doc. 15) is self-executing and "no action is required on the part of the court." *Janssen*, 321 F.3d at 1000.

### IV. Conclusion

Plaintiff's Motion (Doc. 15) construed as a Notice of Dismissal voluntarily dismissed this case on August 24, 2020. The court thus directs the Clerk to note that dismissal on the docket and close the case. The court also dismisses as moot defendant's Motion to Dismiss (Doc. 13).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk treat plaintiff's Motion (Doc. 15) as a Notice of Dismissal.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Dismiss (Doc. 13) is dismissed.

**IT IS SO ORDERED.**

**Dated this 7th day of October, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**